SAMUEL THOMAS, RESPONDENT, *v.* HORACE HUNT AND ANDREW KINGSLEY, APPELLANTS.

*Contract, Written, cannot be varied by Parol Evidence.*

A written agreement between parties must be regarded as containing the whole of their agreement upon the subject-matter thereof, and as merging therein all prior and contemporaneous understandings. Therefore, evidence offering to establish other facts and conditions as part of the contract, which are not contained in the agreement, is inadmissible.

*S. G. Hadley* for Respondent.
*P. Carter* and *Scott Lord* for Appellants.

DAVIES, CH.J.—The Plaintiff in this action claims to recover the value of a quantity of stone delivered to the Defendants, under a contract made between the Plaintiff and his partner, Levi Reynolds, and the Defendants, dated January 25, 1855.

By this agreement the Plaintiff and his partner, parties of the first part, agreed to deliver to the Defendants, parties of the second part, at such points on the Erie Canal as said parties of the second part should designate, in sections 214 to 229, both inclusive, of the Erie Canal Enlargement, all the stone necessary and proper for building all the culverts on said sections on said canal, which had been let to the said parties of the second part by canal officers; "*said stone to be of the sizes and qualities such as the engineer in charge of the work on said section shall approve.*" Said stone to be delivered, as soon as they reasonably could be, after the opening of the navigation upon the canal in the spring then next ensuing. The contract contained other provisions not needful to recapitulate. The complaint averred performance of the contract on the part of the parties of the first part, and that a quantity of stone had been delivered under said contract, "which had been estimated and measured in the wall, by the engineer in charge. of. the said works, as mentioned in said

contract," and that there was due therefor the sum of $3,455.14; and also due from the Defendants the sum of $90, for fifteen days' detention of the boats of the said parties of the first part, at the rate of $6 a day, as provided for in said contract. The complaint also averred that the interest of said Reynolds in said claims and demands had been assigned to the Plaintiff.

The answer of the Defendants contained :

1. A general denial of all the matters mentioned in the complaint, except as to the making of the contract.

2. That the Defendants had fully paid for all the stone delivered.

3. That the parties of the first part had not delivered all the stone called for by said contract, and that those delivered were not proper for the purpose specified, nor of the sizes or qualities required by said contract, nor were they delivered at the time contemplated by said contract; and the Defendants claimed they had suffered loss and damage by reason of the non-performance of said contract on the part of the said parties of the first part, to the amount of $2,400.

The action was referred to a referee, who found, as matter of fact, that the agreement, as set forth in the complaint, was made and entered into between the parties therein; that Reynolds, before the commencement of this action, had transferred all his interest in said agreement to this Plaintiff; that before such assignment Reynolds and the Plaintiff had partially performed the same on their part, and that since said assignment the said Plaintiff had continued the performance thereof.

That all the stone required by the said Defendants, under said agreement, were furnished to them by the said Reynolds and the Plaintiff, or by the Plaintiff alone, in accordance with, and in fulfilment of the contract, and were received by the Defendants ; that said Reynolds and the Plaintiff furnished stone to the cutters of the Defendants, at the yard of the Plaintiff, as fast as the same were needed by the said cutters; that the Plaintiff and said Reynolds commenced to deliver said stone at the places designated by the Defendants, on the Erie Canal, after the open-

ing of the canal in the year 1855, and so continued until the whole quantity were delivered, on or before the month of November in that year, in a reasonable time after said opening; and that there was then delivered $224\frac{31}{100}$ cubic yards of stone for arches, and $702\frac{73}{100}$ cubic yards of other stone; that the stone thus delivered amounted, at the price stipulated for in the contract, to the sum of $3,176.34; that the Defendants have paid therefor the sum of $2,307, and that there is still due and owing to the Plaintiff, from the Defendants, the sum of $869.34, with interest from the 20th of November, 1855. And he also found, as conclusions of law, that the Plaintiff and the said Reynolds, or the Plaintiff alone, had fully kept and performed the said agreement; that the Defendants had not fully kept and performed the same, and that they were indebted to the Plaintiff in the sum of $869.34, and interest thereon from the 20th of November, 1855.

Judgment was accordingly entered, upon the report of the said referee, for the Plaintiff, and on appeal the same was affirmed at the General Term. The Defendants now appeal to this Court.

Upon the facts found by the referee, no question can seriously be made that the Plaintiff was not entitled to the judgment which has been rendered in his favor. If no error has been committed by the referee before the trial, in the admission or rejection of evidence, no ground is presented to this Court for interference with the judgment appealed from.

But two exceptions were taken to the rulings of the referee, which are now urged before us as erroneous.

1. On the trial, the Defendants offered to show that at the time of making this contract a large quantity of good stone were lying in the yard of the Plaintiff, and near the quarry, and that such stone were shown to Defendants as samples of their stone, and that the stone furnished to be cut were of even inferior quality to those, and cost much more to dress them, and were not as suitable for the work.

Plaintiff objected to the introduction of this evidence, and the same was excluded, and the Defendants excepted.

13

The ruling of the referee was clearly correct. The evidence was properly excluded for several reasons.

1. The written contract between the parties must be regarded as containing the whole of their agreement upon the subject-matter thereof, and as merging therein all prior and contemporaneous conversations, stipulations, and negotiations in relation thereto (Renard *v*. Lampson, 2 Kern. 561).

2. The testimony offered tended to contradict, alter, and vary the written contract between the parties. In the agreement it was stipulated that the size and quality of the stone were to be such as the engineer in charge of the work should approve. The offer was to show that the stone to be delivered was to be like a sample exhibited at the time of the execution of the contract, and that the stone delivered was of an inferior quality to the sample.

It was not competent for the Defendants thus, by parol, to alter, vary, or contradict the written contract.

3. The Defendants had set up no such ground of defence in their answer, and the testimony offered was not pertinent to any issue which they had raised by their answer.

No application was made to amend their answer in this particular, and under the answer and amended answer it was clearly irrelevant and immaterial.

The effect of the admission of the testimony offered was to substitute a new contract between the parties, and a new and different defence from that raised by the answers.

2. This question was put to one of the Defendants, a witness :

" How long would it have taken to build 218, if you had had the stone ready, as contemplated in the contract ? "

To this question the Plaintiff objected, and the referee sustained the objection, and the Defendants excepted.

This testimony was sought to be elicited manifestly for the purpose of proving the amount of damage sustained by the Defendants, on the assumption that the stones were not furnished at the time provided for in the contract.

It assumed what had not appeared, and contrary to the fact

Opinion by DAVIES, Ch.J.

found by the referee—namely, that all the stone called for by the contract was furnished by the Plaintiff and Reynolds, as required by it.

The exclusion of the question, upon this finding of facts, worked no injury to the Defendants, and presents therefore no ground for granting a new trial.

The judgment should therefore be affirmed, with costs.

All affirm.